Thank you, Your Honor. May it please the Court, Counsel, Bradley Woodrick, representing Oregon Entertainment Corporation. We're here today on appeal of the District Court's grant of summary judgment in favor of the defendant, City of Beaverton, regarding the applicant's denial, the city's denial of the applicant's land use application for a conditional use permit to operate its retail video store on a 24-hour basis in a community service zone in the City of Beaverton. The first issue I think the Court should reach is whether the applicant has a protected property interest in that conditional use application. The city has argued, unpersuasively we believe, that because the underlying ordinance contains language that if the applicant submits an application and it satisfies all the criteria, the city may issue a conditional use permit, that the city then has discretion and, as the city argues, absolute discretion whether to issue that permit. So what is your argument that may mean shall? No, Your Honor, but that it means something far less than it may or may not in its absolute and unbridable sense. What does it mean here then? I mean, you just can't, that sounds like discretion to me. Certainly there is, without question, a degree of discretion allowed the decision maker in acting on a conditional use permit. However, that discretion is guided and informed by the substantial overlay of state statutes which guide and inform the city's exercise of that discretion. For example. What state statutes restrict the local entity's discretion? ORS 197.835, that section provides procedures under which the hearing must be held. There must be articulated standards and criteria that an applicant must meet. There have to be specific standards and procedures that have to be held that an applicant is afforded to. Wasn't there a local city development code that talks about livability? There is, indeed, a development code, and that sets forth the standards and criteria that an applicant must meet. There were standards and there were criteria that the local agency was applying. Indeed. To decide whether they wanted to grant or they would grant this conditional use permit. There were. Right? There were standards and there were criteria. So how does that limit their discretion? In deciding whether or not to exercise their discretion, they've got to look at these standards, but it still seems to miss discretion. They do have discretion. The problem is that when an applicant is making their case, they're allowed to present evidence and data to the decision maker. Others can show up at the hearing and present contrary testimony. The difficulty is that an applicant can anticipate the kind of arguments that they might face, and they can try to put on such evidence as they can. We had a brief amount of time, five minutes, to try to rebut arguments. You're jumping over the point. You need to establish first that you had a legitimate expectation to issuance of the permit. Yes. That legitimate expectation arises that when an applicant meets all the criteria, which we submit that a fair and objective analysis of the underlying record would reveal that we did. That's a different argument. That's a claim that they were acted with a bias. The state statutes require that the decision must be based upon facts and upon substantial evidence in the record as a whole, and that if we hit all those criteria squarely on the head, we are, in fact, entitled to that issue, to that permit. The statute requires that the decision must be based upon facts, and it must be based upon criteria, and those must be articulated in the land-use order. And the statute, while it's couched in terms of a land-use order granting the decision, must specify that all the criteria are met. It infers, and, in fact, in practice, in this case, a denial of a permit is similarly treated by the city as listing each one of the factors and the facts they found and relied on in the record, and, in this case, denying the permit. There was one in particular, criteria number five, which related to suitability of the proposal on surrounding properties and compatibility with development of surrounding properties on which the city elected to hang their hat. So we submit that our evidence was of such a substantial, overwhelming nature that we did have legitimate expectation of that permit being issued. Well, you may have had that, but it's got to be in the statute. It was particularly so. The ordinance or the state statute or the regulation needs to establish that, you know, if you meet this criteria, this criteria, this criteria, blah, blah, blah, the permit shall issue. I don't – I fail to see anything like that here. You may have felt that you put – you may have felt, my goodness, you've got such a compelling case here. You know, we've got it. In fact, I think in this particular instance, didn't the planning commission or somebody agree with you? Well, not only did the planning commission agree with us, the staff did as well. In fact, the planning commission was unanimous. They don't get the final say here. The city council does. When you look at the ordinance, in the context of the state statutes that inform it, may, I believe, is more properly read in the context of shall, unless when you look at the purpose of the conditional use statute, it's described as the purpose of conditional use review is to permit uses when there are no impacts, to permit uses with conditions when the impacts are minimal and can be allowed with conditions, or to deny applications, to deny permits when the impacts are substantial and cannot be mitigated. There was no suggestion in any portion of the order that there were substantial impacts from this application or from this proposed use, and there was nothing in the record to suggest that there were any types of mitigation efforts which would not be suggested. Let me ask you this. What's the best case? What's your strongest case that says that on these circumstances, you had a legitimate expectation to issuance of that permit? What's the strongest case you got? I think the strongest case that we have is the totality of the statute. Well, that's not a case. I want a case. And I wish that there was a case. Doe versus Roe or something. You know, any case. You got a case? I don't have a specific case that says that any bit of the statute. If you don't have it, how about a case that might support your position? The case that supports our position is the entirety of the statutory scheme construed. I'm still looking for a case. In light of federal jurisprudence. You'd like the case to be Oregon Entertainment Corporation versus City of Beaverton, right? The fortunate position that I'm in, Your Honor, is that in the Ninth Circuit, I think one of the reasons that we don't have this case is due to the manner in which Oregon land use litigation has evolved and developed. One of the arguments that the city makes is, what are you doing here? What are you doing in the Ninth Circuit? Why didn't you go to LUBA? Well, there's a reason that we didn't go to LUBA, and that's because for whatever combination of reasons that I fail to apprehend, having practiced in this area of law forever, we cannot get the Oregon Supreme Court to tell us whether we have the right to cross-examine witnesses. That's why this thing went sideways in my view. I would have been delighted to take this case to LUBA if I had a proper record to do so. I don't know how much time was spent by this court or by the district court in reviewing the actual record of the land use proceeding below, but one of the things that just really got me, which led me to go this appellate route rather than the state appellate route, is the fact that our two professionally engineered traffic studies going back to 1999, which without question in anyone's mind, and is blessed by the city of Beaverton staff, showed absolutely no conceivable traffic impact whatsoever. This was blessed by the city staff upon analysis. This was blessed by the planning commission when they reviewed it, when they took testimony. Rather than rely on those two professionally engineered traffic studies conducted over a six-year period, the city council elected, in this order, which is in the record, to hang its hat on the testimony of one Ira Frankel, a neighbor, who went out into his front yard one night and counted cars for 45 minutes. And the city council decided that Ira Frankel's testimony and the number of cars he counted one night for 45 minutes was somehow more credible than two professionally engineered traffic studies. I had asked for the opportunity to cross-examine witnesses, and there were certainly a number of things I would like to have asked Mr. Frankel about his little traffic study. But that's an example of the kind of decision-making process that occurred here. I don't mean to prolong this, but did you bring a claim that there was some sort of bias against this particular? Well, we did. It was abandoned earlier on in the case for a variety of reasons. An equal protection claim? The city brought up the previous history. You know, I don't think it's terribly relevant to this case, but it's in the record. And they talked about what happened to us in 1999 and that we went to LUBA and got shot down. We went to the Court of Appeals and got shot down, and the Oregon Supreme Court denied our petition for review there, be that as it may. The problem is you brought a federal constitutional claim under Section 1983 alleging procedural due process violations, and for that you need to establish if you have legitimate expectation of a property interest. And I believe that— I have a hard time with that argument on this record. I submit that we do, Your Honor, because there is nothing in the cases that we have reviewed that suggests that whenever a statute grants any degree of discretion to a land-use decision-maker, that that equals unbridled discretion, unfettered discretion, not subject to any kind of review of any sort. Well, it's guided discretion here. Say again? Because there's a standard that they have to apply when they exercise that. Indeed, and those standards are contained in the Oregon Revised Statutes, which require that the decision must be based on substantial evidence in the record as a whole. The city makes much in its brief of the statutory scheme doesn't affect the substance of the city's decision. In fact, it does. The appellate decision structure contained in Chapter 227, I think it's sub 830, specifically says that the Court of Appeals shall reverse a decision that is not substantively correct. So there are, in fact, substantive limitations on the city's decision-making authority. That is a substantive limitation. Because there's a substantive limitation, the applicant then has a protected property interest in the decision being substantively correct. That then creates the protected property interest. If, in fact, this Court agrees that if the city has any degree of discretion at all, it has absolute unfettered discretion, then I lose. I should sit down. But I do not believe that that's the correct analysis. It takes us directly through the looking glass. An applicant can arm itself to the teeth and can come in and absolutely meet without any question whatsoever with overwhelming evidence, with unquestioned evidence, every single criteria necessary for issuance of a conditional use permit. And because the counselor had a bad day or because they just don't feel like it, they can say no and you have no redress. I cannot imagine that that is a correct statement of law. Well, it's possible. I mean, you might have a redress in an administrative appeal of the agency's decision. It may be a different question whether you have a right to redress with a 1983 claim. The 1983 claim, that's actually our third claim for relief, which is the supplemental jurisdiction on the merits of the claim. Right now, I'm here suggesting that we were not given our due process in the application procedure itself because we didn't have the opportunity to cross-examine the witnesses, which we suggest is a fundamental piece of due process. Let me talk about the nature and source of that right. We talk about the primarily, initially on our briefs, we talk about sort of the ancient rights, the ancient sources of that right, Interstate Commerce Case, Louisville Railroad, and Goldberg v. Kelly, and then more modernly, the Matthews v. Eldridge case where the Supreme Court passes the balancing test. I give Ms. Schor, who briefed the case, credit for finding a couple of federal cases that expressly, to some extent, say no right to cross-examination in place of judicial land-use proceedings, but those cases are not persuasive, and I'll tell you why I think not. There's one in the First Circuit, Chonger's case. I don't know if you looked at that one, but it's a very colorful decision by Judge Selya, who's a very colorful decision writer. It's a bad case, emblematic of the bad cases making bad law. The Chonger's brothers were idiotic litigants, as far as I could tell. These were guys who couldn't accept victory graciously. They got their permit to build their Dunkin' Donuts store, and not being satisfied with victory, they sued the city and the councilors individually, and so on and so forth, and asserted a violation of the right to due process that they never requested at the hearing and never sought to cross-examine anybody to begin with. So Judge Selya kind of piled on with them. There's a Tenth Circuit case, which actually was sent back for retrial on all issues, so any defect in the procedures there could be cured on the retrial. That's not binding on Ninth Circuit. The Matthews test has been interpreted, actually in Lockyer v. Firk, an opinion by Judge Gould, in the Ninth Circuit to be applied in the Ninth Circuit regarding due process rights on a case-by-case basis. And here we are with a case which I think cries out for it to be applied, to be held for the first time in the Ninth Circuit that in a quasi-judicial land-use proceeding, where the determination is to be made on disputed facts, a land-use applicant is entitled to at least some degree of cross-examination of witnesses. The city tends to make the kind of sky-is-falling argument in this brief that this will change the way land use is done, no more written materials can be submitted, and so forth. That's not what we had proposed at all. All we asked for was some right to do some cross-examination of such witnesses who did appear in person. That's all that we had requested. We do not suggest in any way that full-blown judicial hearings are necessary. Merely that some degree of cross-examination be given. And given that the Ninth Circuit has previously held that what process one is due is decided on a case-by-case basis, we submit this is the proper case for holding that in a disputed, contested quasi-judicial land-use matter. Some degree of cross-examination of live witnesses does comport and is necessary for a proper land-use proceeding when there are disputed facts to be held. Mr. Woodworth, it's entirely up to you. But if you'd like to reserve three minutes for rebuttal, then you've got to bring your argument now to a close. And I shall, Your Honor. Thank you. Good morning, and may it please the Court. My name is Cecil Rennish-Smith, and I am here on behalf of the defendant, City of Beaverton. I believe that the issues that are before the case are comprehensively briefed on both sides, and I don't want to bore you with a recital of what is in my brief. I'd be more interested in fielding your questions. Judge Paez, I agree with you. What more can I say? Well, I don't know what I agree with, so I'm just asking questions. Well, I agree that on this record. I understand the case, that's all. You know, I want to make sure I read everything correctly, and, you know, if I missed something, I'd like it to be brought to my attention. Okay. Just let me just say that based on what – I'm happy to ask you some questions if you'd like them. Please. I don't think it's necessary. Please. Other than to say – other than, you know, the last comment that the counsel was making was that in these land use decisions that some notion of due process in order to ensure a fair hearing, just the proceeding is fair, that there ought to be the right to cross-examination. Is that totally dependent upon there being a protected property interest, or is there something about the fact that the government's involved here in making these decisions? Right. Due process. Let me see if I understand the question. Does just the concept in general of a fair hearing require cross-examination? No. Cross-examination is a forensic tool that under certain circumstances, and in the United States under – in a court of law, especially criminal cases, obviously cross-examination has long been declared a constitutional right. There is no authority – judicial authority of which I am aware that takes it down to the quasi-judicial arena and says this forensic tool of cross-examination is required to ensure a fair hearing. In fact, as Mr. Woodworth pointed out, we did discover cases that said the opposite, and I disagree with him as to whether or not the Chongress decision is bad law. Not only is the Chongress decision a delight to read, it is also good law. How about if you would just address the issue from first principles, okay? Because there may be no precedent, but Oregon Entertainment Corporation versus City of Beaverton could be a precedent if we thought that there had to be a right to cross-examine. So the question is really what does, it seems to me, what does fundamental fairness require? Because that's what due process requires. So, I mean, even though there's no right generally to cross-examine in administrative proceedings, are there certain kinds of cases where cross-examination is required for fairness? That's what I would appreciate hearing from you. All right. So we'll assume for the moment that there is a property interest, which we hardly dispute. And so we get to the point that it's okay. That's really a separate issue as to whether you need to have a property interest to have a right to cross-examination. Maybe you should address that first. Your position, I understand, is that in the absence of a protected property interest, then we don't have to reach the cross-examination. Correct. I wonder why is that necessarily the case? Because even if the city has total discretion in terms of how it should decide, it probably has to have a fair procedure to exercise its discretion. So I'm not, at least as one judge, I'm not sure today that there has to be a property interest for us to address cross-examination. Well, if there is no property interest, then there is no entitlement to due process. And if there is no entitlement to due process, then there is no entitlement to cross-examination. Because the due process is only invoked if your life, liberty, or property are at stake. Well, under federal law regarding due process claims under Section 1983, which is what this is, without a protected property interest, there is no due process claim. We just don't even get there. But even if we assume that there is this protected property interest in the conditional use permit and that because of that there is an entitlement to due process, that entitlement to due process does not automatically extend to an entitlement to cross-examination at the type of land use hearing that is involved in that case. And that is because in order to determine whether there is that right to cross-examination, this court would need to go through the analytical process set forth in the Matthews v. Aldridge case. You have to look, well, what is the right that is at issue here? And the right that is at issue here is to remain open 24 hours a day instead of 15 hours a day. The next question would be, what is the risk of harm if this additional tool is not allowed? If cross-examination is not allowed, how will the applicant be harmed, and is it a great risk of harm such that we need to allow it? And in this case, it's interesting that Mr. Woodworth has said, well, we're not looking to cross-examine people that don't appear at the hearing. We only want to cross-examine people that appear at the hearing. And under Oregon law at this type of hearing and under the Beaverton Development Code at this type of hearing, evidence is admissible as written submissions. I could write a letter to the Beaverton City Council saying, this is my testimony, my opinion about why this 24-hour operation should not be allowed. I sat outside my house and counted cars, and I counted all these cars. But I don't appear in person with it. I just submit it as a letter. Mr. Woodworth has said he's not seeking to cross-examine the written submissions. And so how that would affect the fairness of it, we could have all these written submissions that aren't subject to cross-examination, that provide evidence in the record that would be allowed, that the decision could be based on. And then one or two people that did appear in person that he wasn't allowed to cross-examine. Did the fact that he wasn't allowed to cross-examine those two people create this risk that he would be denied the permit? On the record here, what does the record tell us about what the actual as opposed to hypothetical case is? How many live witnesses were there and how many written submissions in connection with the issue before us? The merits issue that he wants us to get to with supplemental jurisdiction. On the record here, I cannot tell you at this point how many were live witnesses and how many were written submissions. I do know that the evidence that Oregon Entertainment Corporation is objecting to is evidence that was presented by live witnesses. When those witnesses stand before the city council when they're acting in this capacity, are they sworn? No, I do not believe so. They just stand up there and give their pitch or make their presentation? Yes. They are, for the most part, not represented by attorneys. In this particular case, did Oregon Entertainment ask for a continuance after this fellow spoke? Off the top of my head, I cannot remember. I don't know. Perhaps Mr. Woodworth could enlighten us on that. Would they have been entitled to a continuance to respond to the information that this fellow presented if they had asked for it? I'm afraid I don't know the answer to that question. I'll go back to the due process issue. I'll give you a strange hypothetical, just so your argument's not boring and on issues you've thought about. Let's assume that a city passed an ordinance that said, in our city, no one has a right to any zoning. It's entirely up to us. We have full discretion. We may give a permit or we may not. We'll hear from the parties and then we'll decide. Now, as I understand Judge Piazza's, at least the concern raised by his questions, if you had language like that, it might suggest there's no property interest because it's not a shall. It's all a may. In that case, if a city did that and then they applied no standard and they want it to be totally arbitrary, would there be no due process limitation at all because there's no property interest? Well, it could raise a host of other constitutional concerns. But what it wouldn't do is establish a property interest. And whether or not it becomes a due process question is, I would say no. That to say it's not a taking away, we're just not going to let you have it. That's two different things. And to say we're not... Is it a liberty interest? Get zoning to do some business? I'm just trying to... Right, right. I'm really troubled by this idea that if there's a permissive statute that there's no due process limit at all. Right. Which may be correct. I'll have to look at all the cases. Right. I understand that the specter of unfettered discretion does raise all sorts of concerns as to whether or not that discretion is going to be applied in a way that is impermissible based on things that have nothing to do with the merits of an application and everything to do with perhaps the applicant's race or... The nature of their business. The nature of the business, perhaps. But that is not a due process claim. That is a claim for other constitutional infirmities. I'm not sure if I'm answering your question. Well, yeah. No, you're answering it. It's not a substantive due process claim. I'm just trying to figure out what procedural... if there is any procedural due process in that study. Okay. Right. But as I understood it reading the ordinance, the development code ordinance and the state standards that apply here, is that there were some standards that the city council had to apply in deciding whether or not to grant the permit. Right. There are some standards. They just didn't have completely unfettered, unguided discretion. They had to sort of take their decision within the context of the basic guidelines that they had established and that the legislature established. Yes, there are. And as counsel said, they did that and they relied upon one particular factor, which, as he points out, on this record, and as Judge Gould noted, I mean, if you're looking at this on a straight substantial evidence test, it's kind of questionable what they did. But whether that scheme created an entitlement is another question. I'm not sure what I thought about who was dealing with it. Yes, it is a completely different question. There is the question of whether the scheme itself creates a legitimate entitlement to this conditional use permit, that it contains language that mandates the issuance of the permit under certain conditions. And if that were the case, then plaintiff might have an argument that that is not the case. The statute itself contains language that it is discretionary. The Beaverton Development Code discusses the fact that it's a discretionary, there's subjective criteria, the word may is used instead of shall, and a plaintiff's argument I find is interesting because I think it says something like may mean shall except when it doesn't. And one, the Beaverton Development Code itself includes a section saying what may means. May means may. It is permissive, it is subjective, it is discretionary. The line of cases in this circuit that deal with this issue, that deal with the question of when is there a legitimate entitlement to a permit such to create a property interest is very clear that only when the issuance of the permit is mandated by the legislative scheme or the administrative code or the rules that are in place, only when it's mandated is there an interest. When there is discretion as to whether or not the permit is going to be allowed, then there is no property interest. And it doesn't have to be unfettered discretion. Okay, so then in your position, I take it is that if there's discretion that's not mandatory, that there's no protected interest, there's no due process claim, I assume there's some Oregon Administrative Procedure Act of some kind so that somebody could appeal a zoning board decision up to the state supreme court if it was arbitrary and capricious? Or can they not do that? Oregon has a comprehensive land use process where you eventually do get to the Oregon Supreme Court following, first you would go to the Land Use Board of Appeals, from the Land Use Board of Appeals you would go to the Court of Appeals, from the Court of Appeals you would go to the Supreme Court, and the, I'm sorry. No, it's all a question of state law then. Yes. As to what can be done. Yes. I could just check my notes very quickly. Take your time. Thank you. I do not have anything to add that's not already discussed in the briefing, unless the court has any other questions. I don't. Judge Pires? Judge Rollins? Thank you. I think Counsel, Mr. Reneke-Smith, the court has no questions. Is that right? Renish. Renish, okay. Now, Mr. Woodworth, you've saved a few minutes for rebuttal, so please go ahead. Regarding the protected property interest, I believe that an applicant has protected property interest because they have a reasonable expectation of the permit being granted when you look at not only just the development code but the statutory scheme which permits it even to exist and informs the exercise of the local government's discretionary, admittedly discretionary powers. Specifically, ORS 197-763 requires their discretionary decisions to be based on substantial evidence in the whole record. The appellate review statute, ORS 227-173 sub 1, again requires these decisions to be based on substantial evidence and requires the appellate court to reverse them if they're in error in substance or in law. To me, that is the kind of limitation on their discretion which renders it far from unfettered and far enough down the continuum to confer some degree of expectation on the applicant sufficient to confer some degree of due process rights, the exact nature and contour of which we invite this court to assist in articulating for the first time for a quasi-judicial land use applicant in the Ninth Circuit. Did your client exercise a right to appeal under the state law system? I guess it could have done that, right? Not yet. And we could still. There is time remaining on that clock if our time spent here has told it, which we believe it has. Does it make sense for federal courts, I don't know if there's any precedent on this, to be adjudicating a 1983 claim about a zoning procedure if there hasn't been like the full range of proceedings first under state law? It does. There is no exhaustion requirement to pursue the 1983 remedies and to have those remedies declared, we believe this is the more appropriate forum to have them declared, particularly since it has not been declared by the Oregon state courts whether or not this cross-examination right exists. And to guide the court in fashioning what that right should be, I would direct the court's attention to the treatises cited and their compelling law on pages 19 and 20, the NALR annotation and Professor Rohan's treatise regarding the right to cross-examination. Does there have to be a property interest for your client to have a right to cross-examine? No, I don't believe there does have to be a property interest for there to be a right to cross-examination. There needs to be an interest of some kind that is the subject matter of an official proceeding. And under Matthews v. Eldridge, I don't think it necessarily has to be a property interest, but you do look at the nature of the private right that's being affected by the official action, not necessarily a property right. In this case, I do believe that it is a property right. We would ask the court to reverse the grant of summary judgment, remand for further proceedings with an articulation of the rights to which the applicant is entitled. Thank you. We appreciate the spirited and very fine argument of both counsel. This case shall be submitted, and the court will take a recess for 15 minutes.
judges: Gould, Paez, Rawlinson